**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

     **v.**                             **1:15-cr-434-WSD**

**PAMELA MOZEE,**

          **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [29] ("R&R"). The R&R recommends the Court deny Defendant Pamela Mozee's ("Defendant") Motion to Suppress [24].

**I.    BACKGROUND**

On October 28, 2014, United States Magistrate Judge Deborah M. Smith, sitting in the District of Alaska, issued a search warrant (the "Warrant") authorizing the search of an email account associated with the Defendant maintained by Yahoo! Inc., based in Sunnyvale, California. ([24.1] at 1). Defendant argues that the Warrant was "invalid *ab initio*" for having been issued outside the geographic limitations of Magistrate Judge Smith's authority.

On June 14, 2016, the Magistrate Judge issued his R&R. In it, he found that

the Warrant was not invalid, because Magistrate Judge Smith had independent

statutory authority to authorize the search under the Stored Communications Act

("SCA"), 18 U.S.C. § 2701, et seq.  No party objects to the R&R.

## II.    DISCUSSION

A.    Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1).  Where, as here, no party has objected to the report and

recommendation, a court conducts only a plain error review of the record.  United

States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.    Analysis

Rule 41(b)(1) of the Federal Rules of Criminal Procedure governs a

Magistrate Judge's search warrant authority generally.   The Rule provides certain

geographic limitations as follows:

A magistrate judge with authority in the district—or if none is

2

> reasonably available, a judge of a state court of record in the district—
> has authority to issue a warrant to search for and seize a person or
> property located within the district.

Fed. R. Crim. P. 41(b)(1).  Rule 41 provides limited specific circumstances in which a Magistrate Judge may authorize searches outside of the district, but it is undisputed that none of those circumstances apply here.

The Magistrate Judge determined that Rule 41 did not authorize Magistrate Judge Smith, sitting in the District of Alaska, to issue the Warrant authorizing a search to take place in the Northern District of California.  He noted, however, that Rule 41 provides "[t]his rule does not modify any statute regulating search or seizure, or the issuance and execution of a search warrant in special circumstances." Fed. R. Crim. P. 41(a)(1).  The Magistrate Judge determined that the SCA provides independent statutory authority for the search authorized by Magistrate Judge Smith.  Section 2703 of the SCA provides that a government entity may require a provider of electronic communications or remote computing services to disclose the contents of stored wire or electronic communications, and other information, by way of a warrant using the procedures described in the Federal Rules of Criminal Procedure, issued "by a court of competent jurisdiction."  18 U.S.C. § 2703(a), (b). A "court of competent jurisdiction" includes "any district court of the United States (including a magistrate judge of such court)," that either "has jurisdiction over the

3

offense being investigated," or is in the judicial district where the service provider is located or where the records are stored.  See 18 U.S.C. § 2711(3)(A)(i)-(ii).

The Court agrees with the Magistrate Judge's determination that the SCA provided authority for the search authorized by Magistrate Judge Smith.  See United States v. Berkos, 543 F.3d 392, 398 (7th Cir. 2008) (geographic limitation of Rule 41(b) does not apply to warrants under the SCA).  No party objects to the Magistrate Judge findings and recommendation, and the Court finds no plain error in it.  See Slay, 714 F.2d at 1095.  Accordingly, Defendant's Motion to Suppress is denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [29] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Pamela Mozee's Motion to Suppress [24] is **DENIED**.

**SO ORDERED** this 12th day of July, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4