IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                              1:15-cr-00434-WSD

PAMELA MOZEE,

               **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Pamela Mozee's Motion to Suppress Statements (the "Motion") [23] and Amended Motion to Suppress Statements (the "Amended Motion") [25]. Defendant seeks to suppress statements she made to investigating agents during interviews on May 27, 2015, and July 15, 2015. Defendant requested the Court to conduct a hearing to determine if the statements obtained were voluntary. The hearing was conducted on July 20, 2016. At the hearing, the Government presented the testimony of Postal Inspector Jessica Speers who participated in both interviews. She testified on direct and cross-examination for approximately an hour and a half.[1]

---

[1] Defendant, in her renewed Motion, asked for the opportunity to submit further briefing to the Court. The Court concluded, have presided over and listened carefully to all of the testimony at the hearing, that further briefing was not required.

**I.     BACKGROUND**

A defendant has a constitutional right to a "fair hearing" and an "independent and reliable determination of the voluntariness of a confession before the confession is allowed to be heard by the guilt determining jury." United States v. Davidson, 768 F.2d 1266, 1269-70 (11th Cir. 1985). The Government must prove "by a preponderance of the evidence, that a challenged confession was voluntary." United States v. Lall, 607 F.3d 1277, 1285 (11th Cir. 2010) (citing Lego v. Twomey, 404 U.S. 477, 489 (1972)). A court's conclusion that a confession is voluntary "must appear from the record with unmistakable clarity." In conducting the voluntariness inquiry, courts take a specific approved analysis. Our Circuit has stated:

> We focus our voluntariness inquiry on whether the defendant was coerced by the government into making the statement: The relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. The district court must consider the totality of the circumstances in assessing whether police conduct was causally related to the confession. Sufficiently coercive conduct normally involves subjecting the accused to an exhaustingly long interrogation, the application of physical force or the threat to do so, or the making of a promise that induces a confession. Government coercion is a necessary predicate to a finding of involuntariness under the Fifth Amendment. Absent police conduct causally related to the confession, there is . . . no basis for concluding that any state actor has deprived a criminal defendant of due process of law.

United States v. Thompson, 422 F.3d 1285, 1295-96 (11th Cir. 2005) (internal

citations and quotation marks omitted). See also Martinez v. Estelle, 612 F.2d 173, 177 (5th Cir. 1980) (The test for the voluntariness of the confession is "whether under the totality of the circumstances the statements are the products of the accused's free and rational choice.").

## II.   DISCUSSION

The Court evaluated the testimony of Inspector Speers on direct and cross-examination. Her testimony was credible. She described the two interview sessions in detail including the environment of Defendant's home where the interviews were conducted. She also testified that Defendant called the Inspector before the first scheduled interview to arrange a meeting with Inspector Speers to deliver to her documents she thought would be helpful to conducting the investigation. Inspector Spear's testimony did not show that the interview sessions were coercive in any way, testifying specifically that Defendant respond coherently to questions and, when what she stated needed clarification, she answered the follow-up and clarifying questions asked. Weapons carried by two of the three investigators were not visible to Defendant and the investigators wore ordinary civilian clothing. The questioning was not aggressive. When Defendant was asked about apparent inconsistencies between what she stated and other evidence known to the investigators, the inconsistencies were presented in straight forward

statements or questions. Defendant was encouraged to tell the truth about what she knew and to cooperate, but was not promised anything for cooperation she might offer. Defendant's manner of speaking and her response to questions did not indicate that she was under the influence of any substance. The interviews were not long, and they both occurred in Defendant's home, as Defendant elected.

Based on the Court's review of the totality of the circumstances of the two interviews, the Court finds unmistakable clarity that Defendant's statements during the interviews were the result of Defendant's free and rational choice to provide information to the investigators and that she did so voluntarily, without any violation of Defendant's constitutional rights.

## III.  CONCLUSION

The Court finds that Defendant's statements, even those that are inculpatory, made by Defendant during the May 27, 2015, and June 15, 2015, interviews were voluntary.[2]

**SO ORDERED** this 21st day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] This finding of voluntariness of statements does not preclude any challenge at trial to the statements on other grounds.